UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SETH D. HARRIS, Acting Secretary of Labor, United States Department of Labor,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>SHOPLINK.COM, INC.,<br><br>　　　　　　　　　　　　Defendant. | CIVIL ACTION NO. 1:13-cv-11651 |

COMPLAINT

Seth D. Harris, Acting Secretary of the United States Department of Labor, hereby alleges:

(1)　　This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq., and is brought to redress violations and to obtain other appropriate relief necessary to enforce the provisions of Title I of ERISA pursuant to §§502(a)(2) and (5), 29 U.S.C. §§1132(a)(2) and (5).

(2)　　The Court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

(3)　　Venue of this action lies in the District of Massachusetts pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).

(4)　　Defendant Shoplink.com, Inc. (formerly known as Shoplink Incorporated) ("Shoplink") established, effective June 1, 1997, the Shoplink Incorporated Employee 401(k) Plan (the "Plan"), an employee pension benefit plan within the meaning of ERISA §3(2)(A), 29

U.S.C. §1002(2)(A), which is covered under ERISA pursuant to §4(a), 29 U.S.C. §1003(a).

(5)  Defendant Shoplink was the Plan Sponsor, as defined by ERISA §3(16)(B)(i), 29 U.S.C. §1002(16)(B)(i), and was the Plan Administrator for the Plan and, as such, was, and is, a fiduciary with respect to the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A).

(6)  During the pertinent period of this complaint, which includes Plan years 2003 until the present (the "pertinent period"), Shoplink was the employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5), and was a Delaware corporation registered as a foreign corporation in Massachusetts and having an office and place of business at 400 Blue Hill Drive, Westwood, MA 02090 within the jurisdiction of this Court. Shoplink ceased operations sometime in 2000.

(7)  The purpose of the Plan was to provide retirement benefits for the exclusive benefit of its participants, employees of Shoplink.

(8)  During the pertinent period, Defendant Shoplink was responsible to ensure the continued prudent administration of the Plan, including its proper termination, and also was responsible to manage and control its assets.

(9)  During the pertinent period, John R. Icke ("Icke") was president of Shoplink.  In addition, Icke served as trustee, had and exercised discretionary authority or control respecting management of the Plan, and exercised authority or control respecting management or disposition of assets of the Plan.  As such, Icke was, and is, a fiduciary with respect to the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A).

(10)  During the pertinent period, Icke was the only authorized signatory of the Plan.

(11)    Despite diligent efforts, the Secretary has been unable to locate Icke who is believed to be residing in Canada.

(12)    Prior to ceasing operations in 2000, Shoplink failed to take steps to ensure the continuing prudent administration of the Plan.  Defendant Shoplink failed to take fiduciary responsibility for the operation and administration of the Plan and failed to take proper control of its assets, including taking appropriate measures to effectuate the distribution of Plan assets to the participants and beneficiaries, and terminating the Plan.

(13)    No individual or entity has taken fiduciary responsibility for the operation and administration of the Plan and management of its assets.

(14)    As of February 16, 2005, the Plan had thirty (30) participants and assets totaling $29,055.00.

(15)    MFS Retirement Services, Inc. ("MFS") is the Plan's custodian and is in possession of the assets of the Plan.

(16)    MFS will not release the proceeds of the assets of the Plan to the participants without receiving authorization from a fiduciary to the Plan.

(17)    The Plan has been abandoned and has not been formally terminated.

(18)    As a result of the acts or omissions set forth at paragraph 12, Shoplink failed to discharge its fiduciary duties for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A).

(19)    As a result of the acts or omissions set forth at paragraph 12, Defendant Shoplink failed to discharge its fiduciary duties with care, skill, prudence and diligence, in violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B).

(20)     As a result of the conduct set forth at paragraphs 8 through 17, the Plan presently does not have a fiduciary with authority and discretion to manage and control its assets, operations and administration as required by ERISA § 402(a), 29 U.S.C. §1102 (a), and ERISA § 403 (a), 29 U.S.C. § 1103 (a), and there is no one other than this Court with the authority to appoint a new fiduciary with such necessary authority.

(21)     As a result of the acts or omissions set forth at paragraphs 8 through 17, the remaining participants will be unable to obtain their appropriate Plan distributions pursuant to the terms of the Plan unless and until this Court appoints a fiduciary for the Plan.

(22)     As a result of the acts or omissions set forth at paragraphs 8 through 17, the Plan's termination cannot be achieved unless and until this Court appoints a fiduciary for the Plan.

WHEREFORE, the Secretary of Labor prays that this Court enter an Order:

(1)     Appointing an independent fiduciary to administer the Plan, and effectuate the proper distribution of Plan assets to the participants; and

(2)     Providing such other relief as is just and equitable.

M. Patricia Smith
Solicitor of Labor

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203
Tel: (617)565-2500
Fax: (617) 565-2142

Date: July 9, 2013

Michael D. Felsen
Regional Solicitor

/s/ Christine A. Collins
Christine A. Collins, Attorney
collins.christine@dol.gov
BBO# 552660

United States Department of Labor
Attorneys for Plaintiff